UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA

    -against-

THIRLEY CUMMINGS,

           Defendant.
----------------------------------------------------------X

MEMORANDUM
AND ORDER

16 MJ 1045 (RML)

LEVY, United States Magistrate Judge:

        This petty offense case stems from an incident that took place on July 11, 2014 on the grounds of Army Garrison Fort Hamilton in Brooklyn, New York. Defendant Thirley Cummings ("defendant"), a school bus driver who has since retired, is charged with: (1) Simple Assault pursuant to 18 U.S.C. § 113(a)(5); (2) Disorderly Conduct pursuant to 18 U.S.C. § 13 and New York Penal Law § 240.20(1); and (3) Failure to Comply with a Lawful Order pursuant to 18 U.S.C. § 13 and New York Vehicle and Traffic Law § 1102. (See Misdemeanor Information, filed May 8, 2017.) The court held a bench trial on May 15 and 16, 2017.[1] See 18 U.S.C. § 3401(a). For the reasons explained below, I find defendant not guilty as to the simple assault and disorderly conduct charges, and guilty with respect to New York Vehicle and Traffic Law § 1102.

### BACKGROUND

        Three witnesses testified at trial. Arresting officer Nicholas DeRenzo testified for the government's case-in-chief, defendant testified on his own behalf, and Sergeant Kevin Haley testified as the government's rebuttal witness. As a result of the incident, defendant was

---

[1] Throughout this case, the government has been represented by student prosecutors under the supervision of an Assistant United States Attorney.



detained for approximately thirty minutes and was issued violation notices for resisting arrest, N.Y. PENAL LAW § 205.30, disorderly conduct, id. § 240.20(5), and failure to comply with a lawful order, N.Y. VEH. & TRAF. LAW § 1102. (See Complaint, filed Nov. 22, 2016 ("Compl.").) The evidence adduced at trial is as follows:

1. Officer DeRenzo

Officer DeRenzo was on routine patrol on the date of the incident, and testified that he received a radio call at approximately 11:00 a.m. alerting him to complaints of a hazardous traffic condition on Sterling Drive, adjacent to the Fort Hamilton Community Club. (See Transcript of Proceedings Held on May 15, 2017 ("5/15/2017 Tr."), at 16.) The Fort Hamilton Community Club includes a swimming pool enjoyed by visiting children from local summer camps. (See Government's Exhibit 1, filed May 23, 2017.)

Upon reaching the scene in his patrol vehicle, Officer DeRenzo observed five or six school buses parked in and blocking the northbound lane of traffic on Sterling Drive. (See 5/15/2017 Tr. at 16-17.) Officer DeRenzo further observed a group of bus drivers standing on the opposite side of the street, and directed them to move the illegally parked vehicles. (See id. at 17-18.) According to Officer DeRenzo, although the other drivers began moving their buses as directed, defendant did not. (See id. at 18, 71.)

Officer DeRenzo testified that he ordered defendant to move his bus several times, but defendant responded by telling him to "go inside" and would not comply. (See id. at 18-19.) Officer DeRenzo then asked defendant for identification. (See id. at 20.) When defendant refused, Officer DeRenzo instructed him to place his hands behind his back in order to effect his arrest. (See id. at 21.) Officer DeRenzo testified that as he "went to grab custody of [defendant]," defendant "kept jerking his arms back." (See id.) As a result of this motion,

defendant's forearm purportedly struck Officer DeRenzo's forearm, but no injuries were sustained. (See id.) Officer DeRenzo further testified that defendant was yelling and cursing during the encounter (see id. at 76), and that he radioed for assistance as he sought to gain custody of defendant (see id. at 21-22). After an indeterminate time, Sergeant Haley arrived and assisted in placing defendant under arrest. (See id. at 22-23, 79.)

   2. Defendant

Defendant, who has no criminal record and had been driving a school bus for almost thirty years, testified that it was an everyday occurrence for the summer camp buses to park in the northbound lane of traffic on Sterling Drive in order to pick up and drop off children at the swimming pool. (See Transcript of Proceedings Held on May 16, 2017 ("5/16/2017 Tr."), at 150, 153-54, 166, 172.) Defendant further testified that, on the date of the incident, Officer DeRenzo arrived at the scene, confirmed that the men gathered there were school bus drivers, and then turned to defendant and stated "I don't want to hear nothing from you. Show me some ID." (Id. at 183.) Defendant produced his wallet and Officer DeRenzo grabbed the wallet, pushed him against a nearby fence, and arrested him. (See id. at 185.) Defendant denied that he physically resisted Officer DeRenzo's efforts to handcuff him. (See id. at 215.)

   3. Sergeant Haley

Sergeant Haley testified that he received a radio call for assistance, and that upon arriving he observed Officer DeRenzo grasping to control defendant's left hand and arm. (See id. at 230, 232-33.) Sergeant Haley observed that defendant's "right arm was somewhat down by his side, but maybe flailing up on the side, maybe six, ten inches out from the side of his body." (Id. at 241.) However, Sergeant Haley did not observe defendant strike Officer DeRenzo

3

in any fashion. (See id. at 262-63.) Sergeant Haley went over to assist Officer DeRenzo, grabbed hold of defendant's right arm and placed it behind his back. (See id. at 234.)

DISCUSSION

1. <u>Simple Assault</u>

18 U.S.C. § 113(a)(5) provides that "[w]hoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows: . . . . [s]imple assault, by a fine under this title or imprisonment for not more than six months, or both . . . ." 18 U.S.C. § 113(a)(5). The Second Circuit has prescribed that "simple assault" as used in the statute incorporates the common-law crimes of assault and battery. See United States v. Delis, 558 F.3d 177, 178 (2d Cir. 2009). "At common law, the crime of battery consisted of 'the unlawful application of force to the person of another,' including an offensive touching." Id. at 180 (quoting 2 Wayne R. LaFave, Substantive Criminal Law § 16.2, at 552 (2d ed. 2003)). "Common-law battery did not require any specific intent either to injure or to touch offensively, but rather only a more general intent to commit the unlawful act or, indeed, mere recklessness or criminal negligence." Id. (collecting treatise excerpts); see also United States v. McKenzie, 597 F. App'x 24, 25 (2d Cir. 2015) ("Injury is not a required element of a simple assault.").

As to the government's completed battery theory of the case, I find that the government has not proven beyond a reasonable doubt that defendant struck Officer DeRenzo. I reach this conclusion in light of the length of time between the incident and the testimony adduced at trial, the *de minimis* nature of the alleged contact, and the fact that the contemporaneously issued violation notices do not indicate that any contact occurred. (See Compl.) Further, Sergeant Haley, the government's only witness besides Officer DeRenzo, did not observe defendant's hand or forearm strike Officer DeRenzo, as the government has alleged.

(See 5/16/2017 Tr. at 262-63.) Accordingly, while the parties dispute whether an alleged contact resulting from a movement undertaken to avoid being handcuffed is sufficiently volitional to constitute common-law battery, I need not reach this issue.

The government also advances a common-law assault theory of the case. "[C]ommon-law assault consisted of either attempted battery or the deliberate infliction upon another of a reasonable fear of physical injury and is often described as a specific intent crime." Delis, 558 F.3d at 180; see generally 21 Am. Jur. 2d Criminal Law § 114 (discussing specific intent crimes). In the instant case, the government has not proven beyond a reasonable doubt that defendant intended to strike Officer DeRenzo but failed, or that defendant intended by jerking his arm to place Officer DeRenzo in fear for his safety. Accordingly, I find defendant not guilty with respect to the simple assault charge.

2. Disorderly Conduct

Defendant is charged with disorderly conduct in violation of New York Penal Law § 240.20(1), as implemented by 18 U.S.C. § 13. New York Penal Law § 240.20(1) provides that "[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: (1) [h]e engages in fighting or in violent, tumultuous or threatening behavior." N.Y. PENAL LAW § 240.20(1). The New York State Court of Appeals has indicated that "the 'public harm' element is what distinguishes the disorderly conduct statute from other offenses that contain similar requirements but encompass disputes of a more personal nature." People v. Baker, 984 N.E.2d 902, 905 (N.Y. 2013); see also Provost v. City of Newburgh, 262 F.3d 146, 157 (2d Cir. 2001) ("The clear aim was to reserve the disorderly conduct statute for situations that carry beyond the concern of individual disputants to a point where they become a potential or immediate public problem.").

Accordingly, "to determine whether the record supports an inference that the requisite mens rea was present, [the New York State Court of Appeals has] employed a contextual analysis that turns on consideration of many factors, including the time and place of the episode under scrutiny; the nature and character of the conduct; the number of other people in the vicinity; whether they are drawn to the disturbance and, if so, the nature and number of those attracted; and any other relevant circumstances." Baker, 984 N.E.2d at 905 (internal quotation marks and citation omitted).

Here, Officer DeRenzo credibly testified that defendant was yelling, cursing, and jerking his arms in order to evade being handcuffed. (See 5/15/2017 Tr. at 76-77.) However, Officer DeRenzo further testified that the other drivers were already moving their buses when he began his interaction with defendant. (See id. at 71.) While it is relevant that the incident occurred in the vicinity of a children's summer camp group, there is no evidence that any child observed the incident or was in close physical proximity to it. Similarly, it is not clear that any members of the public witnessed the incident, or potentially could have been affected by it. In the absence of evidence as to actual or potential public harm, the court cannot infer with the requisite degree of certainty that defendant intended to create a risk of public disorder, or recklessly disregarded the possibility of such risk. Accordingly, I find defendant not guilty with respect to the disorderly conduct charge.

3. Failure to Comply with a Lawful Order

New York Vehicle and Traffic Law § 1102 states that "[n]o person shall fail or refuse to comply with any lawful order or direction of any police officer or flagperson or other person duly empowered to regulate traffic." N.Y. VEH. & TRAF. LAW § 1102. Officer DeRenzo credibly testified that defendant failed to comply with several orders to move his school bus,

which was obstructing traffic and creating a hazardous condition on the roadway. (See 5/15/2017 Tr. at 15, 18-19.) Accordingly, I find defendant guilty as to this charge.

    4. Sentencing

Sentencing is scheduled for August 3, 2017 at 10:30 a.m. The parties shall inform the court whether it is their preference to hold the sentencing hearing by telephone or in-person. The parties are not required to submit sentencing briefs, but may do so by July 31, 2017.

    SO ORDERED.

Dated: Brooklyn, New York
       July 19, 2017

                              /S/ ROBERT M. LEVY
                              ROBERT M. LEVY
                              United States Magistrate Judge